JAMES L. DENNIS, Circuit Judge,
dissenting:
If Todd Wessinger’s .state habeas counsel had performed in the way. that the majority opinion describes, I would join in reversing the judgment of the district court. But the evidence presented to the district court paints an entirely different picture. As the majority opinion notes, counsel filed a motion to withdraw as counsel shortly before he submitted’ the first amended petition. What the majority opinion fails .to acknowledge is that eighteen months elapsed before counsel was informed that his motion had been denied and that during those eighteen months counsel never bothered to determine the status of his motion: inexplicably assuming that his duties had ended the moment he filed his motion with the Louisiana Supreme Court, counsel walked away from Wessinger’s case and did not look back.
I agree with the majority opinion that some of counsel’s omissions were the result of the state post-conviction court’s decisions, to deny a hearing, discovery, and funds. But these omissions were necessarily exacerbated by his total abandonment of the case for eighteen months. Had counsel acted with minimal diligence and learned that he had not been permitted to withdraw, there is much he could, and should, have done to advance his client’s cause. Crucially, as the district court noted, he should have conducted his own mitigation research. Counsel testified that he knew that further mitigation investigation was necessary, but he failed to do the work that he could have done himself, such as interviewing known witnesses and family members and reviewing medical and school records. Beyond the intrinsic value of what this evidence would have revealed, his research would have placed his requests for funding and mitigation assistance on substantially stronger ground.
Wessinger’s state habeas counsel did not make a strategic choice not to conduct his own mitigation investigation; nor was his course of conduct mandated by state court decisions, as the majority opinion wrongly asserts. Instead, counsel’s failure to pursue a thorough mitigation investigation was traceable to his unexplainable failure to *394 check on the status of his motion to withdraw or otherwise engage in any way with the case after he filed the first amended petition, in violation of all professional standards. See Maples v. Thomas, 565 U.S. 266, 284-85, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012); La. Rules of Prof'l Conduct R. 1.16 (1987) (repealed 2004). The majority opinion’s omission of any reference to what was counsel’s most critical failure renders its conclusions meaningless. I believe that counsel’s abandonment of his client’s case for eighteen months rendered his performance constitutionally deficient.
Because the majority opinion does not address the state’s remaining challenges to the district court’s grant of relief, I will not discuss the merits of those challenges here. However, I believe that the district court’s judgment is sound, and I would affirm its grant of relief. I therefore respectfully dissent.